IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WALLACE WAYNE BOWMAN JR., § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:15-CV-573-O |
| § | |
| WILLIAM STEPHENS, Director,[1] § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is an "independent action to set aside a judgment for fraud on the court," pursuant to Rule 60(d), filed by Petitioner, Wallace Wayne Bowman Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent.[2] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the action should be construed and dismissed as a successive § 2254 habeas petition. No service has issued upon Respondent.

**I. BACKGROUND**

Petitioner is serving three life sentences without parole for his 2010 capital-murder convictions in cause nos. 2008-0000143M-CR and 2008-0000144M-CR in Montague County, Texas. The factual and procedural background relevant to Petitioner's convictions is set out in the Court's memorandum opinion in Petitioner's federal habeas-corpus action in Civil Action No. 4:11-CV-450-A. Rule 60(d) Mot., Ex. D, ECF No. 1.

---

[1] Rick Thaler is the former director of the Correctional Institutions Division of the Texas Department of Criminal Justice. The current director is William Stephens; thus he is "automatically substituted as a party." FED. R. CIV. P. 25(d).

[2] A filing fee was not paid nor did Petitioner filed an application to proceed *in forma pauperis* in this action.

**II. DISCUSSION**

By way of this action, Petitioner expressly seeks relief under Rule 60(d)(1) and (3), providing that Rule 60 "does not limit a court's power to . . . (1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . . or (3) set aside a judgment for fraud on the court. Mot. 2-3, ECF No. 1; Fed. R. Civ. P. 60(d) & (c). Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." Courts are given wide discretion in determining whether relief should be granted under Rule 60(d)(3) based on fraud. *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011).

Petitioner asserts:

> In this independent action, Petitioner seeks to set aside the judgement [in Civil Action No. 4:11-CV-450-A] for there was a serious "defect in the integrity of the federal habeas proceeding . . . because Fraud on the Court has been perpetrated upon it by an officer of the court, Charles A. Palmer [the Assistant Attorney General for Respondent Stephens]."
>
> . . .
>
> In the federal habeas proceeding of Civil Action No. 4:11-CV-450, on August 26, 2011, Palmer, in his own "unconscionable scheme, which was designed to 'and did' improperly influence the court in its decision . . ., perpetrated fraud on the court through the intentional inducement of: (1) [F]abricated documentary evidence, namely the GPA's [Exhibits B and C] that he knew was unlawfully created; and (2) made a fraudulent misrepresentation of that material fact of its legality upon the district judge with no attempts of Good Faith to correct that deception, for the sole purpose to induce action of District Judge John McBryde to render a judgement in his client's favor, the Respondent.

Mot. 6, ECF No. 1.

2

Exhibits B and C are the written guilty-plea admonishments in Petitioner's state-criminal cases. *Id.,* Exs. B & C. Petitioner argues that the admonishments were fabricated, and the Assistant Attorney General knew they were fabricated, because under Texas law "only a jury can decide ones [sic] guilt or innocence in Capital Murder cases." *Id.* at 7. In support, he cites the Court to article 1.13(b) of the Texas Code of Criminal Procedure, amended in 1991 to allow a capital-murder defendant to waive the right to trial by jury in the manner permitted under the statute–*i.e.,* if the state does not seek the death penalty and also consents to the waiver in writing and in open court. *Id.,* Ex. E. The law remained in effect in 2010, and continues to remain in effect. The guilty-plea admonishments reflect that Petitioner waived his right to a jury trial and agreed to plead guilty to the offenses in exchange for life sentences, to which the state agreed to the waiver in writing and in open court. *Id.,* Exs. B & C at 3, 6. Petitioner provides no evidence of fraudulent conduct, much less egregious conduct, on the part of the Assistant Attorney General in his federal habeas proceeding and, instead, relies merely on conclusory allegations that the plea documents were fabricated. *See, e.g., Enriquez v. Quarterman,* No. C-06-207, 2009 WL 1405687, at *5 (S.D.Tex. May 18, 2009). Based on the lack of any evidentiary basis, Petitioner cannot establish a fraud upon the Court.

Moreover, in *Gonzalez v. Crosby,* 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive § 2254 habeas petition. Petitioner's current claim essentially raises the same or similar claim(s) involving his waiver of trial by jury that were raised and rejected by the Court in his federal habeas petition. Accordingly, Petitioner's motion is properly treated as a successive petition under § 2254. Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the

3

appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file a successive petition from the Fifth Circuit. Thus, this Court is without jurisdiction to consider the petition. *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000).

### III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition is DISMISSED for lack of jurisdiction without prejudice to his right to seek authorization from the Fifth Circuit Court of Appeals to file a successive § 2254 petition.

**SO ORDERED** on this 4th day of August, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**